UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jose Martin Argueta, | ) | C/A No. 6:25-cv-13966-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lehi J. Noone, Letonya T. Simmons, Alan Wilson, Hobart Lewis, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. ECF No. 1 at 2, 4. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also attached to the Complaint supporting documents including additional hand-written allegations and the copy of an arrest warrant. ECF No. 1-1.

Plaintiff purports to bring claims under the "Neutral and Detached" Clause of the Fourth Amendment and under various federal statutes including 4 U.S.C. §§ 101, 18 U.S.C. § 913, and 42 U.S.C. § 1981. ECF Nos. 1 at 4; 1-1 at 1. Additionally, Plaintiff cites various South Carolina

rules and statutory code and constitutional provisions.  ECF Nos. 1 at 4; 1-1 at 3.  Plaintiff alleges the events giving rise to his claims occurred at the "Adjunct Hybrid Law Enforcement Division" on March 14, 2025.  ECF No. 1 at 5.

For his injuries, Plaintiff alleges he is subject to an ICE hold, deprivation of his liberty, given a "public PRETENDER who works with the Solicitor to force me to plea," and is "caught in a wheel conspiracy of RICO."  *Id.* at 6.  For his relief, Plaintiff asks that the Department of Justice conduct an investigation into the "misconduct" and for an order signed by a Supreme Court judge "that allows the 13th Judicial Circuit to violate S.C. Constitution Art. 1, Section 8 to have a Hybrid Adjunct Law Enforcement Magistrate Division."  *Id.*

In the attachment to the Complaint, Plaintiff makes the following additional allegations. ECF No. 1-1.  Plaintiff contends that warrant number 2025A2330202369 shows that Magistrate Judge Letonya T. Simmons ("Simmons") participated in an "Adjunct Hybrid Law Enforcement Magistrate Division."  *Id.* at 1.  Plaintiff contends Defendants acted in bad faith in the use of the State's legal machinery with the purpose of deterring or inhibiting Plaintiff in the exercise of his First Amendment rights.  *Id.*  Plaintiff cites several cases that he contends show the warrant is a "tremendous constitutional violation upon the separation of power doctrine and the neutral and detached clause of the 4th Amendment."  *Id.*  Plaintiff asserts the magistrate judges and law enforcement are acting as an Adjunct Hybrid Division.  *Id.* at 3.

The Court takes judicial notice[1] that Plaintiff has been charged with the following crimes in the Greenville County Court of General Sessions: (1) obstructing justice at case number

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2025A2330202219; (2) murder at case number 2025A2330202367; and (3) possessing a weapon during violent crime at case number 2025A2330202369.  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/ PublicIndex/PISearch.aspx (search by case numbers listed above) (last visited Dec. 30, 2025).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.

1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

Plaintiff cannot allege any set of facts to state constitutional claims as to the named Defendant or the issues alleged. The Complaint is therefore subject to summary dismissal.[2]

---

[2] This case is similar to numerous other cases recently filed by detainees at the Greenville County Detention Center making substantially the same allegations against many of the same Defendants. It appears that most of the Complaints in these cases were drafted by Joshua Lynn Robinson, a pretrial detainee at the Greenville County Detention Center. The present case suffers from the same defects as many of those other cases. *See Nicholson v. Simmons*, No. 6:25-cv-4632-TMC-WSB; *White v. Foster*, No. 6:25-cv-4633-JDA-WSB; *Lee v. Kernell*, No. 6:25-cv-6016-TMC-WSB; *Wilson v. McElrath*, No. 6:25-cv-6092-JDA-WSB; *Yisrael-Laquer v. Kernell*, No. 6:25-cv-6094-JDA-WSB; *Simpson v. Bodiford*, No. 6:25-cv-DCC-WSB; *Morgan v. Kernell*, No. 6:25-cv-6735-DCC-KFM; *Childers v. Bratcher*, No. 6:25-cv-6742-JD-WSB; *Robinson v. Keel*, No. 6:25-cv-6747-DCC-KFM; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590-JDA-WSB; *Lindsey v. Simmons*, No. 6:25-cv-7592-DCN-KFM; *Robinson v. Greenville County*, No. 6:25-cv-7812-DCC-KFM; *Jackson v. O'Brien*, No. 6:25-cv-7813-JDA-WSB; *Mosely v. O'Brien*, No. 6:25-cv-7928-JDA-KFM; *Clowney v. State of S.C.*, No. 0:25-cv-7931-MGL-PJG; *Meredith v. Lipinski*, No. 6:25-cv-9189-TMC-WSB; *Lafoy v. O'Brien*, No. 6:25-cv-10732-JDA-WSB; *Wheeler v. Simmons*, No. 6:25-cv-10734-TMC-WSB; *Jackson v. Wilson*, No. 6:25-cv-11489-JDA-WSB; *Robinson v. Pettit*, No. 6:25-cv-11414-DCC-WSB; *Paul v. Simmons*, No. 6:25-cv-11744-JDA-WSB; *Jackson v. Bodiford*, No. 8:25-cv-11859-JDA-WSB; *Smith v. Wilson*, No. 6:25-cv-12308-JDA-WSB; *Jeffries v. General Assembly*, No. 6:25-cv-12313-TMC-WSB; *Cook v. Wilson*, No. 6:25-cv-12353-BHH-WSB; *Gambrell v. Hudson*, No. 6:25-cv-12545-BHH-WSB; *Murray v. Bodiford*, No. 8:25-cv-12575-JDA-WSB; *Wilson-Hyman v. McElrath*, No. 6:25-cv-12650-JDA-WSB; *Jeffries v. Bodiford*, No. 8:25-cv-12731-TMC-JDA; *Arguenta v. State of S.C.*, No. 6:25-cv-12792-JDA-WSB; *Fowler v. State of S.C.*, No. 6:25-cv-12837-TMC-WSB; *Colvin v. Wilson*, No. 6:25-cv-12874-JDA-KFM; *McGee v. Wilson*, No. 6:25-cv-12938-JDA-WSB; *Cruell v. Wilson*, No. 6:25-cv-12939-JDA-KFM; *Mayer v. Wilson*, No. 6:25-cv-12973-TMC-WSB; *Cobbs v. Wilson*, No. 6:25-cv-12974-JDA-KFM; *Lee v. Wilson*, No. 6:25-cv-13013-JDA-WSB; *Meredith v. Wilson*, No. 6:25-cv-13058-TMC-WSB; *Dirton v. Wilson*, No. 6:25-cv-13059-BHH-KFM; *Petit-Frere v. Wilson*, No. 6:25-cv-13161-JDA-KFM; *McBride v. Bodiford*, No. 6:25-cv-13251-JDA-WSB; *Snead v. Wilson*, No. 6:25-cv-13300-JDA-KFM; *McCall v. Bodiford*, No. 6:25-cv-13422-JDA-WSB; *Owens v. Wilson*, No. 6:25-cv-13480-JDA-WSB; *Jackson v. Bodiford*, No. 6:25-cv-13523-JDA-KFM; *Hernandez v. Wilson*, No. 6:25-cv-13522-JDA-KFM; *Batts v. Wilson*, No. 6:25-cv-13660-JDA-WSB; *McBride v. Wilson*, No. 6:25-cv-13661-JDA-WSB; *Bates v. Wilson*, No. 6:25-cv-13758-JDA-KFM; *Teague v. Wilson*, No. 6:25-cv-13759-DCC-KFM; *Flores-Marcos v. Wilson*, No. 6:25-cv-13763-DCC-KFM; *Brea v. Wilson*, No. 6:25-cv-13765-TMC-WSB; *Martinez v. Wilson*, No. 8:25-cv-13766-RMG-WSB; *Gibson v. Bodiford*, No. 2:25-cv-13798-JFA-MGB; *Jefferies v. Cheatham*, No. 6:25-cv-13858-DCC-WSB; *Holmes v. McWhite*, No. 6:25-cv-13893-

**Defendants Entitled to Dismissal**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). The named Defendants are entitled to dismissal for the reasons below.

### *Judge Simmons*

Plaintiff names Simmons, who is identified as a magistrate judge in Greenville. ECF No. 1 at 3. Simmons signed the arrest warrant that Plaintiff attached to his Complaint. ECF No. 1-1 at 4. Simmons is entitled to dismissal on the basis of judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's allegations against Simmons, who issued the arrest warrant, relate to her judicial actions, she is entitled to absolute immunity.[3] *Fowler v. State of S.C.*, C/A No. 6:25-cv-12837-TMC, 2025 WL

---

DCC-WSB; *Wright v. Quinn*, No. 6:25-cv-13965-DCC-WSB; *Argueta v. Noone*, No. 6:25-cv-13966-JDA-WSB.

[3] Plaintiff alleges Simmons shares an address with law enforcement and is participating in an "Adjunct Hybrid Division" with law enforcement. ECF No. 1-1 at 1–3. Even accepting those

3712275, at *2 (D.S.C. Dec. 23, 2025) ("Because issuing a warrant is a judicial act within the subject matter jurisdiction of Judge O'Brien and Judge Simmons and because Plaintiff has set forth no legitimate challenge to their jurisdiction to issue such warrants, the court agrees with the magistrate judge and finds Judge O'Brien and Judge Simmons are entitled to judicial immunity and dismissal from this action."); *see also See Forrester v. White*, 484 U.S. 219, 227 (1988) (explaining the doctrine of judicial immunity "is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (acknowledging that judicial immunity "protects the judicial acts [judges] undertake as part of their public service," and explaining immunity "is absolute" and "not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit"). Accordingly, Judge Simmons is subject to dismissal. *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

---

allegations as true, such assertions do not entitle Plaintiff to relief under § 1983. Instead, Plaintiff's recourse is to pursue a suppression of the evidence or warrants issued by the magistrate judges in the state court criminal proceedings. *See, e.g., United States v. Leon*, 468 U.S. 897, 923 (1984) ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."). The magistrate judges are entitled to absolute immunity, and Plaintiff's allegations fail to show that this immunity fails. *See, e.g., Cole v. Summey*, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (explaining "the relevant question is whether the judge 'acted in the clear absence of all jurisdiction'"). Plaintiff has not alleged facts showing that any judge acted in the clear absence of all jurisdiction. Plaintiff can challenge the warrants in the state court proceedings. Further, Plaintiff's assertions are without merit because, in South Carolina, summary court judges, including county magistrates and municipal judges, have the authority to issue warrants. *See* S.C. Code §§ 22-5-110, 22-5-210. There is no allegation of actions by the judges other than issuance of warrants and bond and no allegations of the judges acting as adjunct law enforcement officers, other than the fact that their offices are in the same building as law enforcement.

### Noone

Plaintiff names Lehi J. Noone ("Noone") as a Defendant.  Noone is entitled to dismissal because Plaintiff makes no substantive allegations against Noone in the body of the Complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).  The Complaint, even liberally construed, contains no specific allegations of wrongdoing against Noone and thus no plausible claim is stated against him.  *See Potter*, 497 F.2d at 1207; *Newkirk*, 2014 WL 4072212, at *2.  In the absence of substantive allegations of wrongdoing against Noone, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim).

### Wilson

Plaintiff names as a Defendant Alan Wilson ("Wilson"), who is the South Carolina Attorney General.  Wilson apparently is sued because of his administrative or supervisory role as

the Attorney General.  However, Plaintiff has failed to allege facts establishing a claim for supervisory liability.[4]

As an initial matter, the Court notes that numerous other cases recently filed by pretrial detainees at the Greenville County Detention Center have presented nearly identical allegations and claims against Wilson as those asserted in this case.  This Court has found such claims to be without merit, and the claims in the present case are subject to dismissal for the same reasons identified in those cases.  *See, e.g.*, *Jackson v. Wilson*, C/A No. 6:25-cv-11489-JDA-WSB, 2025 WL 2778521, at *4 (D.S.C. Aug. 27, 2025), *R&R adopted by* 2025 WL 2778356 (D.S.C. Sept. 26, 2025); *McGee v. Wilson*, C/A No. 6:25-cv-12938-JDA-WSB, 2025 WL 3177996, at *3 (D.S.C. Oct. 14, 2025), *R&R adopted by* 2025 WL 3174162 (D.S.C. Nov. 13, 2025); *Mayer v. Wilson*, C/A No. 6:25-cv-12973-TMC-WSB, 2025 WL 3232235, at *3 (D.S.C. Oct. 16, 2025), *R&R adopted by* 2025 WL 3230444 (D.S.C. Nov. 19, 2025); *Lee v. Wilson*, C/A No. 6:25-cv-13013-JDA, 2025 WL 3452382, at *1 (D.S.C. Dec. 1, 2025).

Supervisory officials may be held liable in certain circumstances upon a "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984)).  To establish supervisory liability under § 1983 a plaintiff must allege facts showing: (1) the "supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury"; (2) the "supervisor's response

---

[4] In addition to the reasons discussed below, Wilson is entitled to dismissal because the Complaint does not allege any facts to suggest his personal involvement in the deprivation of Plaintiff's constitutional rights, which would generally be required for a § 1983 claim.  *See Wright*, 766 F.2d at 850; *Vinnedge*, 550 F.2d at 928.

to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'"; and (3) there was an "affirmative causal link between the supervisors inaction and the particular constitutional injury suffered by the plaintiff." *Shaw*, 13 F. 3d at 799 (internal citation omitted). Plaintiff fails to allege facts to state a claim of supervisory liability against Wilson. *See, e.g., Jackson v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-476-JD-KDW, 2024 WL 3655392, at *5 (D.S.C. May 30, 2024) (finding allegations to be insufficient to state a claim for supervisory liability), *R&R adopted by* 2024 WL 3653851 (D.S.C. Aug. 5, 2024); *Drummond v. Wright*, C/A No. 5:19-cv-386-MGL-KDW, 2019 WL 1792386, at *2 (D.S.C. Mar. 27, 2019) (same), *R&R adopted by* 2019 WL 1787543 (D.S.C. Apr. 24, 2019). Plaintiff's allegations all relate to Wilson's conduct as the Attorney General in his official capacity and his purported obligations under certain statutes, but Plaintiff's allegations of Wilson's acts and/or omissions are untethered to any specific conduct directed at Plaintiff. Accordingly, Wilson is entitled to dismissal, as he is sued under a theory of supervisory liability, because Plaintiff has failed to state a claim for relief under such a theory.

Wilson is also entitled to Eleventh Amendment immunity for Plaintiff's claims brought against him in his official capacity. *Assa'ad-Faltas v. South Carolina*, C/A No. 3:12-cv-1786-TLW-SVH, 2012 WL 6103204, at *8 (D.S.C. Nov. 14, 2012), *R&R adopted by* 2012 WL 6106421 (D.S.C. Dec. 10, 2012). Additionally, "Wilson, the South Carolina Attorney General, has prosecutorial immunity from suit with respect to his actions" with regard to Plaintiff's criminal cases. *Graham v. South Carolina*, C/A No. 6:21-cv-00769-TMC-KFM, 2021 WL 11442560, at *4 (D.S.C. June 1, 2021), *R&R adopted by* 2021 WL 4483036 (D.S.C. Sept. 30, 2021), *aff'd*, No. 21-7562, 2022 WL 1552127 (4th Cir. May 17, 2022).

*Lewis*

Plaintiff also sues Hobart Lewis ("Lewis"), the Greenville County Sheriff, apparently because of his administrative or supervisory role as the Sheriff over the Greenville County Sheriff's Office.[5]  Lewis is subject to dismissal for the same reason as Wilson, namely that Plaintiff's allegations against him fail to state a claim for supervisory liability and Plaintiff makes no allegations against Lewis regarding his personal involvement in any of the alleged conduct giving rise to Plaintiff's claims.

Additionally, this Court has recently rejected numerous similar claims against Lewis brought by pretrial detainees at the Greenville County Detention Center premised on the same theories asserted in this matter.  *See, e.g., Hudgins-Smith v. Simmons*, C/A No. 6:25-cv-7590-JDA-WSB, 2025 WL 3178523, at *1 (D.S.C. July 17, 2025) (rejecting the plaintiff's claims that "Lewis and the Magistrates of Greenville have violated *Shadwick v. City of Tampa* 'on a tremendous level'"), *R&R adopted by* 2025 WL 3174160 (D.S.C. Nov. 13, 2025); *Lee v. Wilson*, C/A No. 6:25-cv-13013-JDA-WSB, 2025 WL 3453863, at *1 (D.S.C. Oct. 17, 2025) (rejecting the plaintiff's claim that Wilson and the magistrate judges were conspiring with "Lewis for his political gain using his prosecutorial discretion illegally"), *R&R adopted by* 2025 WL 3452382 (D.S.C. Dec. 1, 2025); *Jackson v. O'Brien*, C/A No. 6:25-cv-7813-JDA-WSB, 2025 WL 3453867, at *1 (D.S.C. July 21, 2025) (rejecting the plaintiff's claim that Lewis was conspiring with the magistrates to violate the plaintiff's rights under the neutral and detached clause), *R&R adopted by* 2025 WL 3452380 (D.S.C. Nov. 25, 2025); *Jeffries v. State of S.C.*, C/A No. 6:25-cv-12313-TMC-WSB,

---

[5] Lewis also is entitled to dismissal because the Complaint does not allege any facts to suggest his personal involvement in the deprivation of Plaintiff's constitutional rights, which would generally be required for a § 1983 claim.  *See Wright*, 766 F.2d at 850; *Vinnedge*, 550 F.2d at 928.

11

2025 WL 3490952, at *4 (D.S.C. Sept. 10, 2025) (finding similar claims against Lewis were without merit and failed to state a claim for relief), *R&R adopted by* 2025 WL 3226982 (D.S.C. Nov. 19, 2025).

### *Younger* Abstention

Plaintiff's allegations in this case are, in part, essentially a challenge to the underlying warrants in the state court resulting in his pending charges and present incarceration at the Greenville County Detention Center.  Such claims are not properly before this Court based on the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff.  Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp.*

*v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

Further, although Plaintiff asserts that the bad faith exception to Younger applies, "he has failed to set forth sufficient allegations to warrant the application of this exception." *Folwer v. State of S.C.*, C/A No. 6:25-cv-12837-TMC, 2025 WL 3712275, at *4 (D.S.C. Dec. 23, 2025) (rejecting argument that the bad faith exception to *Younger* applied in a case alleging similar facts); *see Wood v. Olejasz*, C/A No. 1:21-cv-103, 2021 WL 4450270, at *3 (N.D.W. Va. Aug. 10, 2021)

(recognizing "[t]o prevail under the bad faith exception, the [plaintiff] must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction'") (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)); *Salartash v. Chaudhry*, C/A No. 3:25-cv-4-RCY, 2025 WL 711960, at *7 (E.D. Va. March 5, 2025) (providing "[i]t is Plaintiff's 'heavy burden to overcome the bar' of the *Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment'") (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)); *see also Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (noting "'there is no case since *Younger* was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable' ") (quoting 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4255 (3d ed. 2023)). Accordingly, the bad faith exception does not apply in this case, and Plaintiff's claims are barred by *Younger*.

**Failure to State a Claim**

Plaintiff's claims are also subject to dismissal because he has not alleged facts to establish a claim of a constitutional violation that is cognizable under § 1983.

### *Fourth Amendment Claims*

Plaintiff alleges Judge Simmons, who issued a warrant, shared an address with the affiant on the warrant and/or other law enforcement agents and entities. ECF No. 1-1 at 1–3. Plaintiff alleges Simmons was not neutral and detached in violation of the Fourth Amendment and, instead, are part of an "Adjunct Hybrid Division." ECF Nos. 1 at 4; 1-1 at 1–3.

Liberally construed, the Complaint may be asserting that Plaintiff was subjected to an unlawful search and seizure resulting in his arrest, contesting the validity of the warrant. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25,

2024).  The Fourth Amendment protects "against unreasonable searches and seizures."  U.S. Const.

amend. IV.  To establish a § 1983 claim based on a Fourth Amendment violation for false arrest

or false imprisonment, a plaintiff must show that a seizure was effected without probable cause.

*See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367

(4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-*

*Salem*, 85 F.3d 178, 183 (4th Cir. 1996).  Thus, there is no § 1983 claim for false arrest, false

imprisonment, or malicious prosecution unless the officer lacked probable cause.[6]  *See Street v.*

*Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

The Complaint contends that the warrant was not supported by probable cause.  However,

the primary reason Plaintiff advances to support that contention is because the issuing judge and

law enforcement officers (including the affiant on the warrant) share the same address.  That

argument lacks merit as this Court has recently explained in numerous other cases making nearly

identical allegations.  *See, e.g., Clowney v. Fletcher*, C/A No. 6:24-cv-7243-MGL, 2025 WL

375136, at *2 (D.S.C. Feb. 3, 2025) (rejecting a nearly identical argument raised by another pretrial

detainee at the Greenville County Detention Center); *Lee v. Joe Kernell*, C/A No. 6:25-cv-06016-

TMC, 2025 WL 2731069, at *2 (D.S.C. Sept. 25, 2025) (rejecting similar claims); *Nicholson v.*

---

[6] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment.  To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause."  *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG, 2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023).  "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim."  *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

*Simmons*, C/A No. 6:25-cv-04632-TMC, 2025 WL 2753521, at *2 (D.S.C. Sept. 26, 2025) (same);

*Mosely v. O'Brien*, C/A No. 6:25-cv-07928-JDA-KFM, 2025 WL 2620910, at *1 (D.S.C. Aug.

13, 2025) (rejecting similar complaint seeking "a declaration that the South Carolina Magistrates

violate the neutral and detached magistrate clause, requests an investigation into the South

Carolina Magistrates, to have the Magistrates moved out of the law enforcement center, and money

damages"), *R&R adopted by* 2025 WL 2617967 (D.S.C. Sept. 10, 2025); *Wheeler v. Simmons*,

C/A No. 6:25-cv-10734-TMC-WSB, 2025 WL 2690102, at *4 (D.S.C. Aug. 19, 2025) (rejecting

identical "neutral and detached" claim by pretrial detainee), *R&R adopted by* 2025 WL 2689907

(D.S.C. Sept. 19, 2025); *Lafoy v. O'Brien*, C/A No. 6:25-cv-10732-JDA-WSB, 2025 WL 2712744,

at *4 (D.S.C. Aug. 18, 2025) (same), *R&R adopted* 2025 WL 2712647 (D.S.C. Sept. 23, 2025);

*Jackson v. Wilson*, C/A No. 6:25-cv-11489-JDA-WSB, 2025 WL 2778521, at *5 (D.S.C. Aug. 27,

2025) (same), *R&R adopted by* 2025 WL 2778356 (D.S.C. Sept. 26, 2025).  Plaintiff has failed to

allege facts showing the judges named in the Complaint were actively involved in law enforcement

activities, acted as a "rubber stamp," or abandoned the role as a neutral and detached decision

maker.  Plaintiff has not alleged sufficient facts to establish any deficiencies with the probable

cause supporting any warrants and premises his challenge to the warrant on whether the issuing

judge was neutral and detached based upon the address of his or her office.  *See Decina v. Horry*

*Cnty. Police Dep't*, 557 F. Supp. 3d 716, 730 (D.S.C. 2021) (discussing requirements for a facially

valid arrest warrant supported by probable cause), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir.

Feb. 21, 2023).

"The Fourth Amendment is not violated by an arrest based on probable cause." *Graham v.*

*Connor*, 490 U.S. 386, 396 (1989).  "To properly assess whether probable cause existed, Courts

consider the 'totality of the circumstances,' which means courts 'assess whether officers had

probable cause by examining all of the facts known to officers leading up to the arrest, and then asking 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer,' amount to probable cause.'" *Williams v. United States*, 348 F. Supp. 3d 450, 456 (D. Md. 2017) (quoting *United States v. White*, 549 F.3d 946, 950 (4th Cir. 2008)). A review of the warrant attached to the Complaint shows that it was issued based on a showing of probable cause, and a neutral magistrate judge issued the warrant. As such, Plaintiff's claim fails.

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

### *Violations of State and Federal Statutes*

Plaintiff lists numerous federal and state statutes and court rules. ECF Nos. 1 at 4; 1-1 at 3. Plaintiff provides no explanation as to how these statutes and rules were violated or how they apply to his allegations or provide him with a claim for relief. Further, some of the statutes cited

by Plaintiff are criminal statutes that do not create a private right of action. *See Shallow v. Fed. Bureau of Investigation*, C/A No. 1:19-cv-229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019) (collecting cases), *aff'd*, 788 F. App'x 189 (4th Cir. 2019). "The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Does v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Stewart v. Bishop*, C/A No. 0:24-cv-3606-JFA-SVH, 2024 WL 5290907, at *4 (D.S.C. Aug. 29, 2024) (noting that many of the statutes cited in this case did not provide a private right of action), *R&R adopted by* 2024 WL 5054919 (D.S.C. Dec. 9, 2024). And, "violations of state law, standing alone, do not give rise to federal constitutional violations." *Norwood v. Jividen*, C/A No. 2:20-cv-00299, 2023 WL 2624176, at *1 (S.D.W. Va. Feb. 28, 2023), *R&R adopted by* 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023).

Even if the statutes or court rules listed by Plaintiff did provide a private right of action, Plaintiff's cursory reference to these statutes and court rules provide no basis for relief because Plaintiff has not alleged facts showing how Defendant violated them.

### RICO Claim

Plaintiff purports to bring a RICO claim under 18 U.S.C. § 1962. RICO provides a private right of action to persons injured in their business or property as a result of a violation of RICO's criminal prohibitions contained in 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c); *see also Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2008). "The showing required to succeed on a RICO charge in the Fourth Circuit is both demanding and well-established," *Baker v. Sturdy Built Mfg., Inc.*, No. 2:07-cv-212-HEH, 2007 WL 3124881, at *3 (E.D. Va. Oct. 23, 2007), because

18

"Congress contemplated that only a party engaging in widespread fraud would be subject to [RICO's] serious consequences." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989).

To state a civil RICO claim, a plaintiff must plausibly assert the following elements: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62 (1997). To show a pattern of racketeering activity, a plaintiff must plausibly assert at least two predicate acts of racketeering. *Id*. Plaintiff has failed to present facts to establish the necessary allegations of a RICO claim. Plaintiff's naked conclusions and assertions simply fail to plausibly state a RICO violation. *See Shelton v. Emergency Coverage Corp.*, C/A No. 3:23-cv-844, 2025 WL 905192, at *5 (E.D. Va. Mar. 25, 2025); *Cofield v. Hogan*, C/A No. CCB-16-cv-3037, 2018 WL 1535493, at *5 (D. Md. Mar. 27, 2018) ("Plaintiff's civil RICO claim fails because the complaint does not properly allege the elements of a RICO violation."); *Sun v. Bluffton Police Dep't*, C/A No. 9:09-cv-2050-RBH, 2010 WL 3786541, at *4 (D.S.C. July 21, 2010) ("Mere conclusory allegations not sufficient to satisfy basic requirements of RICO statute." (citation omitted)), *R&R adopted by* 2010 WL 3766801 (D.S.C. Sept. 21, 2010).

This Court has on numerous recent occasions rejected similar RICO claims asserted by pretrial detainees at the Greenville County Detention Center premised on the same frivolous theory advanced in this case. *See, e.g.*, *Mayer v. Wilson*, C/A No. 6:25-cv-12973-TMC-WSB, 2025 WL 3232235, at *7 (D.S.C. Oct. 16, 2025) (rejecting RICO claim premised on conspiracy between Wilson and magistrate judges of Greenville County based on neutral and detached claim), *R&R adopted by* 2025 WL 3230444 (D.S.C. Nov. 19, 2025); *McGee v. Wilson*, C/A No. 6:25-cv-12938-JDA-WSB, 2025 WL 3177996, at *7 (D.S.C. Oct. 14, 2025) (same), *R&R adopted by* 2025 WL 3174162 (D.S.C. Nov. 13, 2025); *Lee v. Wilson*, C/A No. 6:25-cv-13013-JDA-WSB, 2025 WL

19

3453863, at *6 (D.S.C. Oct. 17, 2025) (same), *R&R adopted by* 2025 WL 3452382 (D.S.C. Dec. 1, 2025).

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned finds that the Complaint filed in this case is frivolous, the named Defendants are immune from suit or are not proper parties subject to suit under 42 U.S.C. § 1983, and the Complaint fails to state a claim for relief.  Therefore, the district court should **DISMISS** this action without issuance and service of process and without leave to amend.[7]

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

December 30, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint.  *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).